IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | NO. 14-cv-3285 |
| ESTATE OF DARLENE F. HUSTON, ) | |
| CHARLES E. HUSTON, VERDEN HUSTON, ) | |
| PORTFOLIO RECOVERY ASSOCIATES LLC, ) | |
| STATE OF ILLINOIS IN BEHALF OF ) | |
| DEPARTMENT OF HEALTHCARE AND ) | |
| FAMILY SERVICES, CITY OF CLINTON, ) | |
| KEVIN N. MCDERMOTT, AS SPECIAL ) | |
| REPRESENTATIVE, UNKNOWN OWNERS ) | |
| INCLUDING  UNKNOWN HEIRS AND ) | |
| LEGATEES OF DARLENE F. HUSTON, ) | |
| DECEASED, AND NON-RECORD CLAIMANTS,) | |
| ) | |
| Defendants. ) | |

## OPINION CONFIRMING SALE

The U.S. Marshal has been appointed by the Court to sell property at issue in this case. The U.S. Marshal reports that the property has been sold in accordance with terms previously set forth by the Court.  The Court, having reviewed the relevant materials, finds as follows:

1.  The common address and legal description of the real estate at issue:

    101 S. Miller Street, Clinton, Illinois 61727

    The North 48.3 feet of Lot 1 and the North 48.3 feet of the East 46.5 feet of Lot 2 in Block 2 in Edgar G. Miller's First Subdivision of a part of Lots 2 and 3 of 60 acres off the South side of the West ½ of the Northeast ¼ of Section 35, Township 20 North, Range 2 East of the Third Principal Meridian, situated in the County of DeWitt, in the State of Illinois

    PIN No. 07-35-209-012

2.  A notice required in accordance with 735 ILCS 5/15-1507(c)(2)(B) and 28 U.S.C. § 2002 was given;

3.  The terms of sale were fair and not unconscionable;

4.  The sale was conducted fairly and without fraud;

5.  Justice was done by the sale;

6.  All redemption and reinstatement periods have expired without redemption or reinstatement having been made; and

7.  This Court obtained personal jurisdiction over the defendants.

IT IS THEREFORE ORDERED:

A.  The U.S. Marshal's report of the sale is approved and the sale is confirmed;

B.  The United States does not waive its right to subsequently administratively collect, including by offset, any resulting deficiency if the sale price for the foreclosed property sold in this cause at judicial sale does not pay the judgment amount and subsequently accrued interest, advances and costs owed on either the promissory note or mortgage in this cause even though no such deficiency judgment is sought in this foreclosure proceeding.

C.  The U.S. Marshal is directed to issue a deed to the holder of the certificate of purchase, sufficient to convey title pursuant to 735 ILCS l5-l509(a).

D.  The purchaser of the foreclosed property is hereby given possession effective immediately upon entry of this Order in compliance with 735 ILCS 5/15-1701(c)(1).

E.  There is no just reason to delay enforcement of or appeal from this final order.

ENTER: March 8, 2017.

s/COLIN S. BRUCE
UNITED STATES DISTRICT JUDGE